City of New York et al., Plaintiffs, *v.* The Bronx Gas and Electric Company, Defendant.

(Supreme Court, Bronx Special Term for Motions, September, 1920.)

Gas companies — legislative control of rates — action to have statutory rate declared confiscatory — subsequent action to enjoin charge in excess of statutory rate — injunction pendente lite.

The regulation and control of gas companies, as to their service and rates, is and always has been vested in the legislative, not in the judicial, branch of the government. (P. 169.)

In an action commenced by the defendant herein to have the statutory rate of seventy-five cents per 1,000 cubic feet for gas furnished by it to the city of New York (Laws of 1905, chap. 736) and the statutory rate of one dollar per 1,000 cubic feet for gas furnished to private consumers within the section of the city served by defendant (Laws of 1906, chap. 125) declared unreasonable, confiscatory and unconstitutional, an order was granted restraining the enforcement of both statutes and pursuant to said order the defendant for one year from August, 1919, has been charging for all gas furnished one dollar and fifty cents per 1,000 cubic feet. Said action is now ready for trial. *Held,* that in an action subsequently brought by the city and certain of the private consumers to enjoin defendant from putting into effect a rate of one dollar and seventy-five cents per 1,000 cubic feet, an increase of one

hundred and thirty-three per cent over the statutory rate, to the city, and seventy-five per cent to private consumers, the plaintiffs will be granted an injunction *pendente lite.*

Motion for an injunction *pendente lite.*

John P. O'Brien, corporation counsel (M. Maldwin Fertig and Judson Hyatt, of counsel), for motion.

Atwater & Cruikshank (Edward L. Blackman, of counsel), opposed.

Mitchell, J.   This is a motion brought on by an order directing the defendant, the Bronx Gas and Electric Company, to show cause why an injunction should not be granted restraining the defendant during the pendency of this action from increasing the rate at which it sells gas to its public and private consumers to one dollar and seventy-five cents per 1,000 cubic feet.

The complaint in the action asks that it be decreed that the rate of one dollar and seventy-five cents for gas is unreasonable and excessive, and that the defendant be permanently enjoined from charging or collecting at that rate.

The rate to be charged by this defendant has been fixed by statute.  Chapter 125 of the Laws of 1906 fixed the rate or charge to private consumers in the section of the city of New York served by this defendant at one dollar from the year 1910, and chapter 736 of the Laws of 1905 fixed the rate or charge to the city of New York at seventy-five cents per 1,000 cubic feet of gas.

An action is now pending in which, in the only proper way, evidence can be produced and placed upon record from which the issues involved can be determined.  In March, 1919, this defendant, the Bronx Gas

and Electric Company, commenced an action against the public service commission and other public officers, in which this defendant, as plaintiff, asked that both of the statutes above referred to be declared unreasonable, confiscatory, unconstitutional and void.

In that action, upon motion of the Bronx Gas and Electric Company, an order was made at a Special Term of this court on August 1, 1919, restraining the public authorities and other persons from in any way attempting to enforce against the Bronx Gas and Electric Company the rate of seventy-five cents per 1,000 cubic feet of gas furnished to the city of New York or the rate of one dollar per 1,000 cubic feet for gas furnished to consumers generally, pending the trial and determination of the action. Among the requirements made by the court as conditions for the granting to the company of this relief, it was required to file a bond for $50,000 and in six months a further bond for $50,000, if the action were not disposed of by that time, and during the pendency of that action it was required that all of its books, papers and records of every nature and description should be open to the inspection of the public officials, so that on the trial the parties might be able to properly present the various contentions made by them. Mr. Justice Mullan, in his opinion (*Bronx Gas & El. Co.* v. *Pub. Serv. Comm.*, 108 Misc. Rep. 204) stated in detail the contentions of the parties as to the items to be allowed or rejected in the calculation of rate for the gas furnished by this company, and whether the statutory rate should be held by this court to be confiscatory.

The action is now ready for trial, and may be proceeded with within thirty days. Meantime, pursuant to the terms of the injunction order, restraining the interference of the city authorities, said company from August, 1919, to the present time, August, 1920, has

been charging for all gas furnished, one dollar and fifty cents per 1,000 cubic feet. On or about July 31, 1920, notices were sent by the Bronx Gas and Electric Company to all of its consumers, both public and private, that commencing on August first, the price of gas would be one dollar and seventy-five cents per 1,000 cubic feet, and said company in writing claimed that the legal authority for exacting said charge was the temporary injunction above referred to. The present action was then brought by the city of New York and certain of the private consumers against the Bronx Gas and Electric Company to enjoin said company from putting said rate into effect and an injunction *pendente lite* is now asked.

This court has no authority to fix rates. In the action which is about to be tried, it will be determined whether or not the present statutory rates are confiscatory. The rate which this company now proposes to charge the city of New York is an increase over the statutory rate of one hundred and thirty-three per cent. The rate which it proposes to charge private consumers is an increase over the statutory rate of seventy-five per cent. The regulation and control of these corporations as to their service and rates has always been vested in the legislature, and not in the judicial branch of the government. *Bronx Gas & El. Co.* v. *Pub. Serv. Comm.,* 190 App. Div. 13. For many years it has been the policy to require such corporations to furnish gas to the city for public purposes, such as the lighting of streets and public buildings at a somewhat reduced rate. This question was raised in *Willcox* v. *Consolidated Gas Co.,* 212 U. S. 19, and it was held constitutional and valid, the court saying, at page 54: " It is objected that there is an illegal discrimination as between the City and the consumers individually. We see no discrimination which is ille-

gal or for which good reasons could not be given.'' The company cannot in this way change the policy of the state as established by the legislature without application to it, and without its authority, and it should not be allowed. The court has no authority to allow it.

In reference to the rate of one dollar and seventy-five cents for general consumers, the figures and the statements are furnished to the court by the printed papers on appeal in the action brought by the Bronx Gas and Electric Company, in which it is attempting to prove that it is entitled to charge one dollar and fifty cents per 1,000 cubic feet and also certain other affidavits showing increased payments for materials used by it in the manufacture of gas. It appears that the larger of the amounts of increased payments alleged have commenced within the last sixty days, and it is not made to appear that such increased expenses will be permanent, or that if temporary, they cannot be offset by corresponding economy in the conduct of the business. I am of the opinion that, upon the coming trial of the action brought by this defendant, as plaintiff, a sufficiently large number of items now charged as expenses of manufacture or distribution will be excluded as unjustified, to make the rate now asked clearly unreasonable and excessive. No sufficient time has elapsed to enable this defendant to claim or for the court to find, even if the items were admitted, that increased expenses so recent authorize a further increased rate, even temporarily. As was said in *Municipal Gas Co.* v. *Public Service Comm.,* 225 N. Y. 89, 98: ''It will seldom be important that rates have been inadequate for a day, a week or a month. Fleeting losses may be suffered, and yet the balance sheet may show a profit. Prolong the loss, however, for a year, and you may reach and cross the danger line.

It is by the average of the year that business commonly reckons its losses and its gains.''

The defendant has been charging one dollar and fifty cents per 1,000 cubic feet for just one year, pending the trial of the action which it has brought. No situation is now presented which would justify a further increase with the issues about to be determined by a trial.

It further appears that under section 66, subdivision 12 of the Public Service Commissions Law, the gas corporations have been required to file their rates with the public service commissions. In August, 1919, acting under the injunction order obtained by it, the Bronx Gas and Electric Company filed with the commission a new schedule showing a rate of one dollar and fifty cents as being the company's rate for gas on and after August 1, 1919. Said schedule of rate is now on file. In July, 1920, said company sent to the commission for filing another schedule purporting to show a rate of one dollar and seventy-five cents as chargeable on and after August 1, 1920. This was refused as not authorized either by law or by order of the court, and the rate of one dollar and fifty cents is the only one now on file with the public service commission.

The proposed rate of one dollar and seventy-five cents per 1,000 cubic feet of gas proposed by this defendant appears from the papers submitted to be excessive and unreasonable and unauthorized, both as to the city of New York and as to private consumers, and should be enjoined pending the trial and determination of this action.

Motion granted.